Mr. Barry L. Emigh 1104 7th Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted various similar measures, some of which this office rejected due to ambiguities in the text of your proposed amendments. See Ops. Att'y Gen. Nos. 2003-328, 2003-307, 2003-295, 2003-275, 2003-258, 2003-245, 2003-232, 2003-204, 2003-169, 2003-026, 2003-008, 2002-346, 2002-335, 2002-325, 2002-308, 2002-293, 2002-272, 2002-262, 2002-242, 2002-227, 2002-208, 2002-118, 2002-102, 2002-077, 2002-042, 2002-026, 2002-001, 2001-380, 2001-358, 2001-341, 2001-173, 2001-110, 2001-095 and 2001-074. This office has revised and certified popular names and ballot titles for four similar measures, as evidenced by Ops. Att'y. Gen. Nos. 2003-054; 2002-140; 2001-196; and 2001-129. You have since made additional changes to your measure and have submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AN AMENDMENT PERMITTING THE OPERATION OF BINGO, RAFFLES, STATE — OPERATED LOTTERIES AND GAMBLING
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION PERMITTING NON-PROFIT ORGANIZATIONS INCORPORATED IN THE STATE TO OPERATE BINGO AND RAFFLES; EMPOWERING THE GENERAL ASSEMBLY WITH THE DISCRETION TO CREATE A STATE OPERATED LOTTERY OR LOTTERIES WITH THE STATE-WIDE SALE OF LOTTERY TICKETS TO INCLUDE THE STATE'S OPERATION OF LOTTERIES IN COOPERATION WITH OTHER STATES AND LOTTERIES OPERATED IN COMBINATION WITH OTHER STATES WHICH CHANGES THE LOTTERY PROHIBITION CONTAINED IN ARKANSAS CONSTITUTION ARTICLE 19 SECTION 14; 120 DAYS AFTER PASSAGE OF THIS AMENDMENT ANY BUSINESS PERMITTED TO SELL ALCOHOLIC BEVERAGES FOR ON-PREMISE CONSUMPTION SHALL BE PERMITTED TO OPERATE GAMBLING DURING THE PERMITTED HOURS OF ALCOHOLIC BEVERAGE SALES, BUT EXCLUDES BUSINESSES PERMITTED TO SELL ONLY BEER AND/OR WINE; EMPOWERING THE GENERAL ASSEMBLY, UNLESS PROVIDED OTHERWISE BY THIS AMENDMENT, TO REGULATE, LICENSE AND TAX BINGO, RAFFLES, LOTTERIES AND GAMBLING; PROVIDING FOR THE LEGAL SHIPMENT OF GAMBLING DEVICES INTO THE STATE; DEFINING "BINGO" AS THE RISKING OF MONEY ON A GAME PLAYED WITH NUMBERED CARDS CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM TO WIN A PRIZE OR MONEY; DEFINING "RAFFLE" AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMONG PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE BUT EXCLUDING MONEY AS A PRIZE; DEFINING" LOTTERY" AS THE TYPICAL FORM OF A LOTTERY CHARACTERIZED BY THE ARKANSAS SUPREME COURT WHICH INVOLVES THE SALE OF A LARGE NUMBER OF CHANCES RELATIVE TO THE SELECTION OF A SMALL NUMBER OF WINNERS BY A DRAWING DETERMINED BY CHANCE ALONE; DEFINING "GAMBLING" AS THE RISKING OF MONEY BETWEEN PERSONS WHERE ONE IS LOSER AND OTHER GAINER WITH GAMES OF CHANCE, SKILL AND ANY COMBINATION THEREOF, BUT EXCLUDES THE OPERATION OF A LOTTERY, BINGO AND RAFFLES; THE PROVISIONS OF THIS AMENDMENT SHALL TAKE EFFECT IMMEDIATELY UPON PASSAGE OF THIS AMENDMENT EXCEPT AS OTHERWISE PROVIDED AND REQUIRING THE GENERAL ASSEMBLY TO MAKE ALL OTHER AND FURTHER LAWS, RULES AND REGULATIONS TO THE ENFORCEMENT OF THIS AMENDMENT; MAKING THE AMENDMENT SEVERABLE; AND REPEALING ALL LAWS AND CONSTITUTIONAL AMENDMENTS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Popular Name AN AMENDMENT AUTHORIZING NONPROFIT ORGANIZATIONS INCORPORATED IN THE STATE TO OPERATE BINGO AND RAFFLES; THE STATE OF ARKANSAS TO OPERATE A STATE-WIDE LOTTERY OR LOTTERIES; AND BUSINESSES PERMITTED TO SELL ALCOHOLIC BEVERAGES FOR ON-PREMISES CONSUMPTION TO OPERATE GAMBLING ACTIVITIES
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING ANY NON PROFIT ORGANIZATION INCORPORATED IN ARKANSAS TO OPERATE BINGO AND RAFFLES; INVESTING THE ARKANSAS GENERAL ASSEMBLY WITH THE DISCRETION TO CREATE A STATE-WIDE STATE-OPERATED LOTTERY OR LOTTERIES, INCLUDING THE STATE'S OPERATION OF LOTTERIES IN COOPERATION WITH THE LOTTERIES OPERATED BY OTHER STATES AND LOTTERIES OPERATED IN COMBINATION BY OTHER STATES; AUTHORIZING (BEGINNING ONE HUNDRED AND TWENTY (120) DAYS AFTER PASSAGE OF THIS AMENDMENT), ANY BUSINESS PERMITTED TO SELL ALCOHOLIC BEVERAGES FOR ON-PREMISES CONSUMPTION TO OPERATE GAMBLING DURING PERMITTED HOURS OF ALCOHOLIC BEVERAGE SALES, BUT EXCLUDING BUSINESSES PERMITTED TO SELL ONLY BEER AND/OR WINE; EACH OF THE ABOVE SIGNIFICANTLY CHANGING THE LOTTERY PROHIBITION CONTAINED IN ARKANSAS CONSTITUTION, ARTICLE 19, SECTION 14; INVESTING THE GENERAL ASSEMBLY WITH POWER TO REGULATE, LICENSE AND TAX BINGO, RAFFLES, LOTTERIES AND GAMBLING UNLESS PROVIDED FOR DIFFERENTLY IN THIS AMENDMENT; LEGALIZING THE SHIPMENT OF GAMBLING DEVICES INTO THE STATE IF DULY REGISTERED, RECORDED AND LABELED PURSUANT TO FEDERAL LAW; DEFINING "BINGO" AS THE RISKING OF MONEY ON A GAME PLAYED WITH NUMBERED CARDS CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM TO WIN A PRIZE OR MONEY; DEFINING" RAFFLE" AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMONG PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE BUT EXCLUDING MONEY AS A PRIZE; DEFINING" LOTTERY" AS THE TYPICAL FORM OF A LOTTERY CHARACTERIZED BY THE ARKANSAS SUPREME COURT WHICH INVOLVES THE SALE OF A LARGE NUMBER OF CHANCES RELATIVE TO THE SELECTION OF A SMALL NUMBER OF WINNERS BY A DRAWING DETERMINED BY CHANCE ALONE; DEFINING "GAMBLING" AS THE RISKING OF MONEY BETWEEN PERSONS WHERE ONE MUST BE LOSER AND THE OTHER GAINER WITH GAMES OF CHANCE, SKILL AND ANY COMBINATION THEREOF, INCLUDING BUT NOT LIMITED TO GAMES USING ANY KIND OF ROULETTE WHEEL, SLOT MACHINES OF ANY KIND, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS AND DICE USED IN ANY MANNER, BUT EXCLUDING THE OPERATION OF A LOTTERY, BINGO AND RAFFLES; REQUIRING THE GENERAL ASSEMBLY TO MAKE ALL OTHER AND FURTHER LAWS, RULES AND REGULATIONS FOR THE ENFORCEMENT OF THE AMENDMENT; MAKING THE AMENDMENT EFFECTIVE IMMEDIATELY UPON PASSAGE EXCEPT AS OTHERWISE PROVIDED IN THE AMENDMENT; MAKING THE AMENDMENT SEVERABLE; AND REPEALING ALL LAWS AND CONSTITUTIONAL AMENDMENTS IN CONFLICT WITH THE AMENDMENT.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MIKE BEEBE Attorney General
MB:cyh